# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JOSHUA I. GOSHADE                                                                                                  PETITIONER
ADC #183630

v.                                           4:24-cv-00460-BRW-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

**I.     INTRODUCTION**

Petitioner, Joshua I. Goshade, pleaded guilty to one count of aggravated robbery in Pulaski County Circuit Court on August 28, 2023. (Doc. No. 10-4.) Per his sentencing order, Mr. Goshade was sentenced to 120 months' imprisonment in the Arkansas Division of Correction ("ADC"). (Doc. No. 10-2 at 1-2.)

According to the docket in his state court criminal case[1], and as Respondent correctly points out, Petitioner did not appeal his sentence, nor did Petitioner seek post-conviction relief under Rule 37. (Doc. No. 10 at 2.) Mr. Goshade filed a complaint in the United States District Court for the Eastern District of Arkansas under the Civil Rights Act, 42 U.S.C. § 1983, containing many of the same allegations in the instant Petition, but that case was dismissed without prejudice on April 29, 2024.[2]

Mr. Goshade brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, *pro se*. (Doc. No. 1.) Petitioner contends that his counsel was ineffective in his state criminal case because his counsel intimidated and coerced him into entering a guilty plea, did not adequately communicate with him, and was unprofessional. (*Id.* at 5-11.)

Respondent Dexter Payne, Director of the Arkansas Division of Correction, has filed a response to Mr. Goshade's Petition, asserting that the Petition should be denied because his claims are barred by the procedural default doctrine. (Doc. No. 10 at 2.) After careful consideration, for the following reasons I find Petitioner's claims are procedurally defaulted, and his case does not meet the criteria for any exception to excuse his procedural default. Therefore, the Petition should be DISMISSED.

**II.    ANALYSIS**

Respondent argues Mr. Goshade has procedurally defaulted his claims by not first filing a petition for post-conviction relief in state court. (Doc. No. 10 at 2-6.) Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*,

---

[1] The docket from Petitioner's Pulaski County Circuit Court case *State v. Goshade*, 60CR-23-78, was viewed in the Arkansas Judiciary's Search ARCourts, which can be accessed at https://arcourts.gov/.
[2] The corresponding case number is 4:23-cv-01209-LPR.

652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). To fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted. *Id.* If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Additionally, to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Mr. Goshade did not seek post-conviction relief under Rule 37. Mr. Goshade was required to first present his claims to the Arkansas courts "as required by state procedure," in a petition under Rule 37. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); see also, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450, (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].") The failure to file a timely Rule 37 petition in the Arkansas state courts results in a procedural default when a federal habeas petitioner attempts to raise the claim in his § 2254 petition. *See Walker v. Lockhart*, 852, F.2d 379, 381 (8th Cir. 1988). Mr. Goshade's failure to do so makes his claims procedurally defaulted.

When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Goshade admits he did not file any direct appeal and the docket from his state court criminal case reveals he did not seek post-conviction relief under Rule 37. Furthermore, Mr. Goshade's unsupported allegation that he was in a "horrible jail" and the amount of time it took him to grapple with the terms of his imprisonment are insufficient demonstrations of cause and prejudice. (Doc. No 1 at 12-13.) Additionally, the miscarriage of justice exception is inapplicable. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Petitioner does not begin to cross

4

the very high threshold of an actual innocence gateway claim, as he merely recounts his memory of the crime to which he pleaded guilty. (Doc. No. 3 at 1-3.) More importantly, Petitioner does not dispute the fact that he committed the crime. (Doc. No. 1 at 15-16.)

Finally, the *Martinez* exception for substantial claims of ineffective assistance of trial counsel, which allows federal habeas review where there was no counsel or ineffective counsel in the initial-review collateral proceeding, is also unavailable. *Martinez v. Ryan*, 566 U.S. 1 (2012); *Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013) (*Martinez* applicable in Arkansas cases because Arkansas does not generally afford defendants meaningful review of ineffective-assistance-of-trial-counsel claims on direct appeal). Here, Mr. Goshade fails to raise a "substantial claim of ineffective assistance of trial counsel."

For these reasons, Mr. Goshade's claims of ineffective assistance of counsel are inexcusable procedurally defaulted, and habeas review is barred. His Petition should be dismissed with prejudice.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Goshade has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  Mr. Goshade's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

2.  A certificate of appealability not be issued.

DATED this 1st day of October 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE